## In re KORNMEHL.

(Circuit Court, S. D. New York. May 23, 1898.)

1. EXCLUSION AND RETURN OF IMMIGRANTS—DEPARTMENT RULES AND REGULATIONS.

The treasury department may make rules and regulations to carry out the statutes and facilitate the exclusion and return of persons whose immigration congress has forbidden, but no mere rule can operate to exclude a person not excluded by the statutes.

2. SAME—FINALITY OF DECISION OF COMMISSIONERS—HABEAS CORPUS.

A return of the commissioner of immigration, to a writ of habeas corpus that, upon arrival, relator was detained, and upon special inquiry the inspectors decided that she belonged to a class of aliens excluded by law, "in accordance with department circular," etc., indicates that the inspectors felt themselves constrained to render such decision because of some instructions from the treasury department; and hence it is not a bar to inquiry into the facts, in such proceeding.

This is a habeas corpus, brought to inquire into the cause of detention of relator, an alien, who has recently come to this country to join her husband, who has been here several years. Relator is accompanied by a child under five years of age.

Maurice H. Gotlieb, for the motion.
Lorenzo Ullo, opposed.

LACOMBE, Circuit Judge. The return of the immigration commissioner shows that, upon arrival and after inspection, relator was

detained for a special inquiry in conformity to the provisions of law; that such inquiry was had; and that at least three of the inspectors "found and decided that the said Regina Kornmehl was an alien, intending to land in the United States, and was a person likely to become a public charge, and, as such, was of a class of aliens excluded by law, *in accordance with department circular No. 172, dated October 19, 1897.*" Had this return stopped short of the italicized portion, it would have been in the usual form, and in strict conformity to the statute. The concluding clause, however, would seem to indicate that the inspectors rendered their decision, not because examination of the facts led their minds to such conclusion, but because they felt themselves constrained to render such decision because of some instructions from the treasury department. The suspicion excited by the phraseology of the return is confirmed upon reference to the circular referred to. It calls attention to the prevalence of favus, a loathsome, contagious disease, and instructs the immigration officers to make careful examinations in order to detect it, and to return immediately to the country whence they came all persons affected with such disease. Such instructions are in accordance with the provisions of the statutes regulating immigration. Then follows this clause:

"If any minor alien, suffering with said loathsome disease is accompanied by its parents, one parent should be returned with such alien as its natural guardian or protector."

This instruction seems to be wholly unwarranted by any provision of the statutes. At least, such examination of them as this court has been able to give fails to disclose any phraseology which can be construed as leaving the exclusion of immigrants to the mere arbitrary discretion of the secretary of the treasury or of the commissioner general of immigration. Rules and regulations may be made to carry out the statutes and facilitate the exclusion and return of persons belonging to the classes whose immigration congress has forbidden; but no mere rule of the department can operate to exclude persons not belonging to one or other of the classes named in the statutes. Congress has not forbidden the immigration of "parents of minor aliens, when such minor aliens are affected with a loathsome, contagious disease." The immigration authorities therefore cannot lawfully exclude such parents for such cause; nor should they be excluded under the pretense that they are liable to become a public charge, when the board of special inquiry is not of the opinion that there is any such liability. The alien is entitled to the honest decision of the inspecting officers, wholly untrammeled by any instructions not authorized by the statutes. The return in this case indicates that there has been no such decision in this case. Therefore the finality which the statute accords to a proper decision of the inspection officers is not a bar to inquiry here into the facts. The matter is referred to the clerk of the court, with instructions to give relator an opportunity to show, if she can, that she is not within any of the classes of immigrants whom congress has excluded, and to report the evidence to the court.