## In re GOTTFRIED.

### (District Court, E. D. Pennsylvania. August 23, 1898.)

#### ALIENS—PROCEEDINGS UNDER IMMIGRATION LAWS—ORDER OF DEPORTATION.

An order of deportation under the immigration law is not conclusive, so as to preclude inquiry by a court into its validity on habeas corpus proceedings, where the petitioner was denied the right of appeal given him by the law; and he cannot be deprived of such right on the ground that the case has been heard by the appellate court, where it was taken there on an appeal by a dissenting member of the board of inquiry from a decision in petitioner's favor, and was heard in his absence and without his knowledge.

This was an application for a writ of habeas corpus in behalf of Ma₅ₑr Gottfried, restrained of his liberty under an order of deportation issued by the authorities of the immigration bureau.

Chas. Hoffman, for relator.

James M. Beck, for respondent.

BUTLER, District Judge. The finality of the order of deportation is settled by the case of Lem Moon Sing v. U. S., 158 U. S. 538 [15 Sup. Ct. 967], unless the provisions of the statute on which it is founded, have been disregarded. The court there determined that the inspector's decision is conclusive as respects all questions of fact involved, whether they relate to the jurisdiction, or other matter. The petitioner complains however that the statute was disregarded in that he was denied an appeal; and this complaint is well founded. The denial was based on the fact that the case had been taken to the appellate tribunal by one of the board of inquiry.

It appears that the board, which consisted of four members, rendered a decision in the petitioner's favor whereupon one of the members, who had dissented, appealed to the bureau at Washington, where the case was heard in the petitioner's absence, and without his knowledge, and the decision there reversed and the order of deportation made and issued, on the representations, as the record states, of this individual. If the petitioner had been given notice and an opportunity to defend, the situation would be materially different. As it is, his right to be heard by the bureau has been disregarded. That the decision of the board should have been reversed on the representations of a dissenting member, and the order issued without notice to the petitioner, is, to say the least, astonishing. The petitioner will be remanded, temporarily, and the final disposition of the habeas corpus case postponed until there has been time afforded to allow the appeal and dispose of it as the statute provides for.

And afterwards, August 29, 1898, the court, being informed by the district attorney that the petitioner was awarded a rehearing by the board of inspectors, and was by its order permitted to land, discharges him from custody under the writ.