### In re LEONG YOUK TONG.

#### (Circuit Court, D. Oregon. December 3, 1898.)

#### No. 2,507.

ALIENS—EXCLUSION OF CHINESE—REVIEW OF DECISION OF COLLECTOR.

Where an alien has been denied admission to the United States under the Chinese exclusion act, upon grounds therein prescribed, and has exercised his right of appeal to the secretary of the treasury, by whom the decision of the collector has been affirmed, a court is without power on habeas corpus to review such decision on the ground of irregularity in the taking of the testimony by the collector, or his refusal to receive cumulative evidence offered by the petitioner. The manner of conducting the hearing is not prescribed by the statute, and the discretion of the collector in that regard is not subject to control by the courts.

This is a hearing on a writ of habeas corpus.

E. P. Mays and Charles F. Lord, for petitioner.

John H. Hall, for the United States.

GILBERT, Circuit Judge. A writ of habeas corpus was issued on behalf of Leong Youk Tong upon a petition which alleged that he was unlawfully deprived of his liberty under authority of an order made by T. J. Black, collector of customs for the port of Portland. It was alleged in the petition that the petitioner was and had been a merchant at Portland, Or., since the year 1891; that in the year 1897 he went to China upon a business trip, and that upon his return to the port of Portland, in July, 1898, he applied for readmission, and

produced before the collector two white witnesses to prove the fact that he was such merchant; that said witnesses were examined, and so testified; that the petitioner offered other reputable white witnesses to prove the same fact; that the collector refused to examine the other witnesses, upon the ground, as then stated by him, that there was already sufficient proof that the petitioner was a merchant; that one B. F. Jossey, a Chinese inspector of the treasury department, objected before the collector to the right of the petitioner to land, and caused the hearing to be continued to the following day; that, upon the following day, the petitioner, by his counsel, appeared before the collector and the said inspector; that no further testimony was taken, but that thereupon the said inspector stated that the petitioner was denied the right to land, which statement the collector agreed to, but neither he nor the inspector made known the ground of said decision. The evidence upon the hearing on the writ fully sustains these allegations so far as they go. It appears that, two days before the application came on for hearing, the said Jossey had presented to the collector his report upon the case, in which he reported adversely to the petitioner's right to land. On the day of the hearing, the collector heard the evidence of two reputable white witnesses, to the effect that the petitioner, to their knowledge, had been, and was, a merchant in the city of Portland, carrying on business in his own name, and doing no manual labor other than such as was necessary in conducting his business. On the following day, the collector and the inspector, Jossey, who seems to have usurped and exercised the functions of the collector, rejected the testimony of three reputable white witnesses who were offered to corroborate the evidence of the first two witnesses, and announced to the petitioner's counsel that they were convinced that the petitioner was a merchant, but that he would be denied the right of admission into the United States upon other grounds. Up to this time no testimony whatever had been taken before the collector except that of the two witnesses above referred to. On the same day, the Chinese inspector and the collector informed the petitioner's counsel that the reason why the petitioner was rejected was that his store had been used for gambling and as a house of ill fame. After the decision had been announced, and the petitioner's counsel had left, the collector proceeded to take the depositions of two witnesses, adverse to the petitioner, who deposed to the effect that the petitioner's stock in trade had been very small, and was only for a blind, and that he had been engaged in keeping a gambling house and a house of prostitution. The petitioner appealed to the secretary of the treasury from the decision, and procured and forwarded to the secretary the affidavits of the three witnesses whose testimony had been rejected by the collector, and acquainted the secretary with the above-detailed facts which occurred at the hearing. The decision of the collector was affirmed on the appeal.

By the law of August 18, 1894, it is provided as follows:

"In every case where an alien is excluded from admission into the United States under any law or treaty now existing or hereafter made, the decision of the appropriate immigration or customs officers, if adverse to the admission of such alien, shall be final, unless reversed on appeal to the secretary of the treasury."

If there has been a decision in this case such as the statute contemplates, the decision is final, and can be reversed only on appeal to the secretary of the treasury. This court has no authority, by writ of habeas corpus or otherwise, to review it. Lem Moon Sing v. U. S., 158 U. S. 538, 15 Sup. Ct. 967. The courts have interfered only in cases where the applicant for admission was about to be deported under an order which denied him a hearing, or denied his right of appeal (In re Gottfried, 89 Fed. 9; In re Gin Fung, 89 Fed. 153; In re Monaco, 86 Fed. 117); and in cases where he has been denied the right to land for reasons which the law does not recognize as ground for his exclusion (In re Kornmehl, 87 Fed. 314). If, in this case, the collector had in fact decided, as was indicated in his verbal statement to the petitioner's counsel, that the petitioner was a merchant, and, as such, entitled to admission into the United States, but that he was denied admission for some other reason not connected with his status as a merchant, and not by statute or treaty made a ground of exclusion, the order of deportation would undoubtedly be void. Such appeared to be the facts as they were set forth in the petition for the writ. But the evidence shows that, after announcing his decision, the collector proceeded to take further evidence which tended to show that the petitioner was not in reality a merchant, but that he had carried on a pretended business as a merchant as a blind, and with the object of remaining within the United States and giving his attention to other occupations. Whether the evidence was sufficient to sustain that conclusion it is unnecessary to consider. This court has no jurisdiction to determine the question whether or not the petitioner offered to the collector the proof that he was a merchant. The method to be followed by the collector in arriving at his decision is not prescribed by law. He was not obliged to hear, or to permit the presence of, counsel for the petitioner. He was not prohibited from announcing a decision, and thereafter taking, in the form of depositions, the hearsay evidence on which he had arrived at his conclusion. He might, if he chose, refuse to hear cumulative testimony upon any point. He was not required to conform his proceedings to what is known as "due process of law." Such is the doctrine of Nishimura Ekiu's Case, 142 U. S. 651, 12 Sup. Ct. 336. Referring to that case in a subsequent decision, the supreme court declared its purport to be that if congress intrusted the final decision of the facts upon which an alien's right to land was made to depend, to an executive officer, "his order was due process of law, and no other tribunal, unless expressly authorized by law to do so, was at liberty to re-examine the evidence on which he acted, or to controvert its efficiency." Fong Yue Ting v. U. S., 149 U. S. 698, 713, 13 Sup. Ct. 1016. The testimony which was offered in this case by the petitioner's counsel, and rejected by the collector, was thereafter presented to the secretary of the treasury on the appeal. It follows from the affirmance of the collector's decision by the secretary either that the purport of such evidence was not deemed sufficient to reverse the decision of the collector, or that its exclusion by him was not held erroneous. The petitioner must be remanded to his custody.